IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAHEED TUCKER-SAAHIR, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 06-159 |
| | ) | |
| v. | ) | Judge Flowers Conti |
| | ) | Magistrate Judge Caiazza |
| RAYMON RUSTIN, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

### I. RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus filed by Shaheed Tucker-Saahir be dismissed and that a certificate of appealability be denied.

### II. REPORT

Shaheed Tucker-Saahir ("Tucker-Saahir" or "the Petetioner") has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, alleging that his Pennsylvania sentences have been erroneously calculated. Specifically, Tucker-Saahir claims he has not received proper credit for time served between August 12, 2001 and June 18, 2002. The Petitioner has received all the credit to which he was entitled, and his Petition therefore should be denied.

**BACKGROUND**

On April 28, 2003, the Petitioner received concurrent sentences in the Court of Common Pleas for Butler County

regarding three separate convictions for Possession with Intent to Deliver Cocaine. *See* Exs. A, B, & C to Doc. 6-2. At criminal docket 2258-01, the Petitioner's sentence was twelve to twenty-four months; at criminal docket 2559-01, his sentence was forty-two to eighty-four months; and at criminal docket 929-03, his sentence was fifteen to thirty months.

Under the 2559-01 sentence, the Petitioner was entitled to a credit for pretrial confinement dating from February 18, 2003 until April 28, 2003. *See* Ex. A at 2. This seventy-one days was deducted from Tucker-Saahir's April 28, 2003 sentencing date, making the effective start date of the 2559-01 sentence February 18, 2003. *See* Ex. D at 2 (Computation 1). Adding Petitioner's forty-two to eighty-four month sentence, his new minimum expiration date became August 18, 2006 and his new maximum sentence will expire on February 18, 2010. *Id.*

With respect to the 929-03 sentence, the Petitioner was given credit for a period of one day of pretrial confinement, January 9, 2003. *See* Ex. C at 2. The day was credited to his April 28, 2003 sentencing date, setting the effective date at April 27, 2003. *See* Ex. D at 2 (Computation 2). Adding the Petitioner's fifteen to thirty month sentence to that date, his new minimum sentence became effective July 27, 2004 and his new maximum sentence expired on October 27, 2005. *Id.*

-2-

As to Tucker-Saahir's 2558-01 sentence, he received credit for 380 days of pretrial confinement, which occurred between August 12, 2001 and June 18, 2002 (the period he claims was not credited) and between February 18, 2003 and April 28, 2003. See Ex. B at 2. This 380 day credit was deducted from Tucker-Saahir's April 28, 2003 sentence date, making the effective start date April 13, 2002. See Ex. D at 2 (Computation 3). Adding the Petitioner's twelve to twenty-four month sentence to that date, the expiration of his minimum sentence was April 13, 2003, and his new maximum sentence expired April 13, 2004. See id.

Tucker-Saahir presently is serving only his 2559-01 sentence. His minimum sentence date expired on August 18, 2006, and his maximum date expires February 18, 2010.

## ANALYSIS

### A. The Habeas Petition

A state prisoner may seek federal habeas corpus relief only if his custody is in violation of the Constitution or federal law. Smith v. Phillips, 455 U.S. 209 (1982); Geschwendt v. Ryan, 967 F.2d 877 (3d Cir.), cert. denied, 506 U.S. 977 (1992). Violations of state law or procedural rules alone are not a sufficient basis for providing federal habeas corpus relief. See Engle v. Isaac, 456 U.S. 107, 119 (1982).

Tucker-Saahir complains that he did not receive credit for his pre-trial custody between August 12, 2001 and June 18, 2002. The federal courts agree there is no general constitutional right to credit for time served prior to sentence. *See, e.g.,* Rodriquez v. Lamer, 60 F.3d 745, 749 n.7 (11th Cir. 1995) (holding same).

Although the Petitioner has no inherent constitutional right to credit for time served, he may have a liberty interest under state law. In Pennsylvania, credit for time served is addressed under 42 Pa. Cons. Stat. § 9760.

Here, Tucker-Saahir was provided full credit on his sentence at criminal docket 2558-01. *See* Ex. B. He seeks to have this same credit applied to his sentence in criminal docket 2559-01.

Under Pennsylvania law, defendants are not entitled to have pre-sentencing credit applied to more than one sentence; credit can be applied only once. Commonwealth v. Miller, 655 A.2d 1000, 1002 (Pa. Super. 1995) (holding same); *accord* Commonwealth v. Clark, 885 A.2d 1030, 1034 (Pa. Super. 2005). Thus, Tucker-Saahir's federal habeas petition should be dismissed.

### B.  Certificate of Appealability

Under 28 U.S.C. § 2253(c), "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* The Petitioner has not shown he was denied a constitutional right,

and the certificate of appealability should be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this report and recommendation are due by November 17, 2006. Responses to objections are due by November 27, 2006.

November 1, 2006

Francis X. Caiazza
U.S. Magistrate Judge

cc:

Shaheed Tucker-Saahir
55543
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA  15219-3100

Mariah Passarelli, Esq. (via email)